Motion.

## Nazareth Literary and Benevolent Institution vs. Commonwealth.

Case 13.·

### ERROR TO NELSON COUNTY COURT.

1. Where two statutes of the same date relate to the same thing but one is more comprehensive than the other, there will be an effort to give to one some operation not embraced in the other, so that each may, if possible, have some effect, that legislation may not appear to have been vain and useless.

2. By the Revised Statutes, chap. 58, art. 1, sec. 1, "Lands held by a school or seminary shall not be subject to taxation or forfeiture for any cause whatsoever." By chap. 83, art. 5, sec. 3, it is enacted, "that the land upon which any seminary of learning is erected, to the extent of five acres, held fiducially or individually, shall be exempt from taxation." Construing these provisions of the Revised Statutes [together—held, that lands upon which a seminary of learning is erected, *owned* by the seminary itself, although exceeding five acres, is exempt from taxation, but if not owned by the seminary, only five acres is exempted.

3. This court had jurisdiction of this question, (*Churchill v. Commonwealth*, 13, *B. Monroe*, 337.)

December 19.    Judge Marshall delivered the opinion of the court.

Case stated.

1. Where two statutes of the same date relate to the same thing, but one is more comprehensive than the other, there will be
The Nazareth Literary and Benevolent Institution, a body politic incorporated by the legislature of Kentucky, and being in fact a school or seminary of learning, moved the county court of Nelson county, at its — term 1853, to correct the tax list of said institution for the year 1853, by striking out and exempting from taxation seven hundred acres of land, valued at $14,000, lying in Nelson county, because it was im-

properly listed for taxation. In support of the motion the tax list of the institution, amounting in value to about $30,000, and including said seven hundred acres, was read from the tax book. And it was proved that said institution has been a school or seminary of learning ever since its incorporation; that during the year 1853 it has had from one hundred and fifty to two hundred scholars, who are boarded in said academy; that the institution is in part supported by the products of the said seven hundred acres, the whole of which are applied to its support; that the buildings of the said school or seminary are situated upon said seven hundred acres, and that the tract belongs to said corporation. But the county court being of opinion that said school was exempt from taxation only to the extent of the buildings and five acres, overruled the motion.

The exemption is claimed under chapter 58, article 1, section 1, of the Revised Statutes, page 446, under the title "lands, forfeited," and which is in these words: " Lands held by a school or seminary shall not be subject to taxation, or to forfeiture, for any cause whatsoever." The claim is resisted on the ground, that by the 3d section of the 5th article of chapter 83, Revised Statutes, page 560, under the title "revenue and taxation," it is enacted that, " the land upon which any seminary of learning is erected, to the extent of five acres, held fiducially or individually, shall be exempt from taxation, and may not be listed with the assessor."

The last of these enactments is brought into the Revised Statutes from an act of 1816, *Statute Laws*, 1373; the first, from an act of 1825, *Statute Laws*, 1080. If, as they stood before the revision, there was an absolute inconsistency between them, the act of 1825 being posterior in date and also more comprehensive in its terms, must have superseded the other so far as they conflicted, unless, upon some proper principle of interpretation, the broad expressions of the subsequent act might be restricted so as to allow

NAZ. LIT. AND
BENEV. INST.
vs.
COMMONWEALTH

an effort to give to one some operation not embraced in the other, so that each may, if possible, have some effect, that legislation may not appear to have been vain and useless.

2. By the Revised Statutes, chap. 58, art. 1, sec. 1, "lands held by a school or seminary shall not be subject to taxation or forfeiture for any cause whatsoever." By chap. 83, art. 5, sec. 3, it is enacted, "that the land upon which any seminary of learning is erected, to the extent of five acres, held fiducially or individually, shall be exempt from taxation." Construing these provisions of the Revised Statutes together—held, that land upon which a seminary of learning is erected, *owned* by the seminary itself,

NAZ. LIT. AND
BENEV. INST.
vs. ·
COMMONWEALTH

although ex-
ceeding five a-
cres, is exempt
from taxation,
but if not own-
ed by the semi-
nary only five
acres is exempt-
ed.

some operation to the prior one. As they stand in the Revised Statutes, they are of the same date, and there is no ground of preference on that score ; but unless they both relate in part at least to the same thing, there can be no direct conflict between them, and there cannot be such conflict except to the extent that they do relate to the same thing. Nor can the one be properly said to conflict with the other, either because both enact the same provision upon the same identical subject, or because, while they are the same to a certain extent, the only difference between them is that the one is more comprehensive than the other. In such a case there will be an effort to give one of the acts some operation not embraced in the other, so that each may, if possible, have same effect ; and that the legislature may not appear to have done a vain and useless thing. But if in such case it is found impossible to give a distinct operation to each statute, so that one of them must be inoperative to some extent, this result is produced by their being identical in their provisions, and not by reason of any conflict between them.

Recurring to these statutes to ascertain how far they are identical, we perceive at once that, although each exempts certain lands from taxation, and that although to a certain extent the same lands may be exempted by each, yet each may also embrace lands which are not embraced by the other. The one stat- ute exempts all lands held by a school or seminary, as well those on which no seminary is erected as those on which there is a seminary ; the other exempts land on which a seminary is erected to the extent of five acres, though it be not held by the school or seminary. Where a seminary is erected on land held, that is, owned by the seminary itself, the more comprehensive statute embraces the whole case, and, exempting the entire tract, whether more or less than five acres, leaves no room for the operation of the restricted ex- emption. But if the seminary be erected on land not owned by itself, then, to the extent of five acres, if so

much be appropriated by the owner to the use of the seminary, it is not embraced by the more comprehensive of the two statutes, but is embraced by the other, which, therefore, has operation in such a case; and if there be no such case, then the only result will be as before stated, not that the more comprehensive statute is repealed, nor that the other might not have some room for distinct operation, but only that it has no operation in fact, because the cases to which it might apply are embraced by a more comprehensive statute.

Confining our view to the Revised Statutes, we find it impossible to exclude this seven hundred acres held by the Nazareth school from the exemption positively declared in favor of lands held by any school or seminary; and if it be true that the act of 1825, from which this broad exemption is taken, was intended to apply particularly to county seminaries, to which lands had been given by the state, still there is nothing exclusive in the language even of that act; and if it contain words which might be understood as referring to lands donated by the state, and as confining its operation to them, all such words are dropped in the Revised Statutes, and the exemption is declared without condition or restriction in favor of all lands held by a school or seminary. Whatever, therefore, may have been the actual or constructive intention of the act of 1825, we are of opinion that it does not authorize a restricted interpretation of the broad and comprehensive terms by which, in the Revised Statutes, it is declared that land held by any school or seminary shall not be subject to taxation. The county court, therefore, erred in overruling the motion to correct the tax list of the Nazareth institution in the manner proposed.

The case of *Churchill vs. Commonwealth*, 13 *B. Monroe*, 337, seems to be substantially a precedent for the appellate jurisdiction of this court, in the present case.

3. This court has jurisdiction of this question. (*Churchill v. Commonwealth*, 13 *B. Monroe*, 337)

Wherefore, the judgment of the county court, overruling the motion which has been stated, is reversed, and the cause is remanded with directions to grant said motion and to correct said tax list as moved for.

ROBINSON & JOHNSON, for plaintiffs; HARLAN, *Attorney General*, for Commonwealth.